1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    SCOTT JOHNSON,                          Case No.  21-cv-08102-SVK
8                    Plaintiff,
                                             **ORDER ON PENDING MOTIONS AND**
9         v.                                 **STIPULATIONS**
10   GENNARO'S LIMITED LIABILITY
     COMPANY, et al.,
11
                     Defendants.
12

13        This is an action brought by Plaintiff Scott Johnson under the Americans with Disabilities

14   Act ("ADA") and California's Unruh Civil Rights Act against Defendants Gennaro's Limited

15   Liability Company ("Gennaro's") and Ganeshkrupa 86 Corporation ("Ganeshkrupa").  Gennaro's

16   is the property owner/landlord and Ganeshkrupa is the tenant of the property in dispute, located at

17   940 Willow St., San Jose, California (the "Property").  Dkt. 1 (Complaint) ¶¶ 2-3.

18        Now pending before the Court are the following motions and stipulations:

19        • **Dkt 19**:  A motion for judgment on the pleadings brought by both Defendants on

20          the ground that the allegations in this action are essentially identical to those in an

21          earlier-filed action involving the same property, *Block v. Gennaro's Limited*

22          *Liability Company et al.*, Northern District of California Case No. 5:21-cv-00192-

23          VDK (the "Block Action").[1]

24        • **Dkt. 24 and 36**:  The motion to withdraw and amended motion to withdraw filed

25          by Stephan A. Barber and JRG Attorneys at Law, attorneys for both Defendants.

26
27   _____
     [1] On February 16, 2022, Judge DeMarchi denied Defendants' motion to consolidate the *Block*
28   Action with this case, finding that the two cases were "at entirely different stages of litigation."
     *Block* Dkt. 69 at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

- **Dkt. 35**: A consent order for substitution of attorney Richard M. Williams of Gray Duffy, LLP as counsel for Defendant Ganeshkrupa.

- **Dkt. 42**: A proposed consent decree regarding Plaintiff's claims for injunctive relief.

- **Dkt. 43**: A stipulation to forego the joint site inspection in light of Defendants' agreement to remediate the Property.

All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 11. The Court deems these matters suitable for determination without oral argument. Civ. L.R. 7-1(b). Having considered the applicable law and the record in this case and the *Block* Action, and good cause appearing, the Court **ORDERS** as follows:

**<u>Attorney Withdrawal and Substitution</u>**: Defendants have filed parallel motions to withdraw and a substitution of attorney in this case and the *Block* Action. The Court finds Judge DeMarchi's orders on these issues in the *Block* Action thorough and well-reasoned and therefore adopts her reasoning here. Accordingly:

(1) The Court **GRANTS** the motion of Richard M. Williams of Gray Duffy, LLP to substitute in as counsel of record for Ganeshkrupa, in place of Stephan A. Barber (Dkt. 35). The court will sign and enter the consent order at Dkt. 35. All counsel appearing on behalf of Ganeshkrupa are to file notices of appearance in this case no later than **March 16, 2022.**

(2) In light of the substitution of counsel for Ganeshkrupa, the Court **GRANTS** the amended motion of Stephan A. Barber and JRG Attorneys at Law to withdraw as counsel for Ganeshkrupa (Dkt. 36).

(3) The Court **CONDITIONALLY GRANTS** the amended motion of Stephan A. Barber and JRG Attorneys at Law to withdraw as counsel for Gennaro's (Dkt. 36), for the reasons set forth in Judge DeMarchi's order at Dkt. 70 in the *Block* Action and on similar conditions. Specifically, in view of counsel's explanation regarding the nature of the conflict of interest between the Defendants, and given the minimal prejudice to the other litigants, the Court concludes that withdrawal is required and that the

administration of justice would be served by conditionally permitting counsel to withdraw as counsel of record for Gennaro's as follows:

a. The motion to withdraw is granted subject to the condition that Mr. Barber and JRG Attorneys at Law shall continue to accept service of papers for the purpose of forwarding them to Gennaro's until Gennaro's obtains substitute counsel or until the Court orders otherwise.  Civil L.R. 11-5(b).

b. Gennaro's is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

c. Gennaro's is further advised that it retains all of the obligations of a litigant, and its failure to obtain an attorney may lead to an order striking its pleadings or entry of its default.  *See United States v. High Country Broad. Co, Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Adobe Sys. Inc. v. Software Tech.*, No. 5:14-cv- 02140-RMW, 2015 WL 6956632 (N.D. Cal. Nov. 10, 2015).

d. By **March 16, 2022,** Mr. Barber and JRG Attorneys at Law shall serve a copy of this order on Gennaro's and file a proof of service with the Court.  Counsel shall specifically advise Gennaro's that it is prohibited from representing itself in federal court, and that if Gennaro's fails to obtain substitute counsel, the Court may enter default judgment against it.

e. Gennaro's must obtain new counsel who must file a notice of substitution by **March 25, 2022** or show good cause why additional time to obtain new counsel

United States District Court
Northern District of California

3

1     is required.

2        f.  If Gennaro's does not obtain new counsel by March 25, 2022 Mr. Barber shall

3            file a declaration that identifies the last known address of Gennaro's and

4            certifies that he has complied with this order.

5        g.  Upon the filing of a notice of substitution of counsel or receipt of Mr. Barber's

6            declaration, the Court will order further proceedings as necessary.

7     (4) The original motion to withdraw filed by Stephan A. Barber and JRG Attorneys at Law

8         (Dkt. 24) is **TERMINATED AS MOOT** in light of the foregoing rulings on the

9         amended motion to withdraw (Dkt. 36).

10           **Stipulations re Consent Decree and Joint Site Inspection**:  The recently-filed proposed

11    consent decree (Dkt. 42) and stipulation to forego the joint site inspection (Dkt. 43) are ambiguous

12    because they purport to concern both "Defendants" and/or all "Parties" but are signed only on

13    behalf of a singular, unidentified "Defendant."  These filings are **TERMINATED WITHOUT**

14    **PREJUDICE**.  No later than **March 16, 2022**, the Parties are to re-file them with clarification as

15    to which Defendant(s) are parties to and covered by the proposed relief.  If Gennaro's is not

16    covered by these stipulations, by the same date Plaintiff must file a status report regarding his

17    claims against Gennaro's.

18           **Motion for Judgment on the Pleadings**:  If Defendants intend to pursue the motion for

19    judgment on the pleadings (Dkt. 19), by **April 4, 2022** they must file an amended motion that

20    addresses recent developments, including Judge DeMarchi's denial of Defendants' request to

21    consolidate the *Block* Action with this case.  Failure to file an amended motion by the deadline

22    will result in termination or denial of the motion for judgment on the pleadings.

23           **SO ORDERED.**

24    Dated: March 9, 2022

25

26

27    SUSAN VAN KEULEN
      United States Magistrate Judge

28

United States District Court
Northern District of California

4