UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GENNARO'S LIMITED LIABILITY COMPANY, et al.,<br><br>    Defendants. | Case No.  21-cv-08102-SVK<br><br>**ORDER RE PROPOSED CONSENT DECREE AND STIPULATION TO FOREGO JOINT SITE INSPECTION**<br><br>Re: Dkt. Nos. 47, 48 |

This is an action brought by Plaintiff Scott Johnson under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act against Defendants Gennaro's Limited Liability Company ("Gennaro's") and Ganeshkrupa 86 Corporation ("Ganeshkrupa").  Gennaro's is the property owner/landlord and Ganeshkrupa is the tenant of the property in dispute, located at 940 Willow St., San Jose, California (the "Property").  Dkt. 1 (Complaint) ¶¶ 2-3.  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 7, 11.  The Court deems the pending matters suitable for determination without oral argument.  Civ. L.R. 7-1(b).

On March 9, 2022, the Court issued an Order on Pending Motions and Stipulations.  Dkt. 44 (the "March 9 Order").  A summary of the deadlines set by the Court in the March 9 Order and the current status of those items is as follows:

- **March 16, 2022**:  All counsel appearing on behalf of Ganeshkrupa were to file notices of appearance in this case.

    *Current status:*  Richard Martin Williams now appears on ECF as counsel for Ganeshkrupa.

- **March 16, 2022:**  Mr. Barber and JRG Attorneys at Law were to serve a copy of the March 9 Order on Gennaro's and file a proof of service with the Court.

*Current status:* Proof of service (Dkt. 46) filed as ordered.

- **March 25, 2022**: Gennaro's was required to obtain new counsel who was required to file a notice of substitution or show good cause why additional time to obtain new counsel was required. If Gennaro's did not obtain new counsel by March 25, 2022 Mr. Barber was to file a declaration that identifies the last known address of Gennaro's and certifies that he has complied with this order.

  *Current status:* New counsel has not appeared for Gennaro's, and **Mr. Barber has not filed the declaration as ordered.**

- **March 16, 2022:** Parties were to re-file the proposed consent decree (Dkt. 42) and stipulation to forego the joint site inspection (Dkt. 43) with clarification as to which Defendant(s) are parties to and covered by the proposed relief. If Gennaro's was not covered by these stipulations, by the same date Plaintiff was to file a status report regarding his claims against Gennaro's.

  *Current status:* New consent decree (Dkt. 47) and stipulation to forego the joint site inspection (Dkt. 48) filed on March 31, 2022, along with a status report from Plaintiff (Dkt. 49).

- **April 4, 2022:** If Defendants intended to pursue the motion for judgment on the pleadings (Dkt. 19), they were to file an amended motion that addresses recent developments, including Judge DeMarchi's denial of Defendants' request to consolidate the *Block* Action with this case. The Court warned that failure to file an amended motion by the deadline would result in termination or denial of the motion for judgment on the pleadings.

  *Current status:* The motion for judgment on the pleadings was not refiled by the deadline.

The Court now **ORDERS** as follows with respect to the outstanding issues:

- Dkt. 44: Mr. Barber is to file the missing declaration in compliance with this Court's March 9 Order no later than **April 19, 2022**. The Court notes that the Parties have missed several deadlines set by the Court in this case. Accordingly, if

2

the declaration is not timely filed, Mr. Barber must appear on **April 26, 2022 at 1:30 p.m.** and show cause as to why this case should not be dismissed for failure to comply with this Court's orders.

- **Dkt 19**: The motion for judgment on the pleadings brought by both Defendants is **TERMINATED** due to their failure to file an amended motion by the deadline set in the March 9 Order.

- **Dkt. 49:** Plaintiff reports that the pending consent decree "contemplates resolution of Plaintiff's claim for injunctive relief as to both Defendants" and "[a]s such, Plaintiff is asking to be relieved from the General Order 56 Joint Site Inspection." Dkt. 49 ¶ 12. In light of this representation, the Court **ORDERS** as follows:

  - **Dkt. 47**: The Court will grant the proposed consent decree regarding Plaintiff's claims for injunctive relief. A separate order will issue.

  - **Dkt. 48**: The Court will grant the stipulation to forego the joint site inspection in light of the agreement to remediate the Property. A separate order will issue.

  - By **April 19, 2022,** Plaintiff must file a proposal <u>including a proposed deadline</u> regarding resolution of the outstanding dispute regarding attorney fees as to defendant Ganeshkrupa and regarding resolution of Plaintiff's claims against defendant Gennaro's. As noted above, the Parties have missed several deadlines set by the Court in this case. Accordingly, if the Court does not receive the required proposal by April 19, 2022, the Parties must appear at on **April 26, 2022 at 1:30 p.m.** and show cause why this case should not be dismissed for failure to comply with this Court's orders.

**SO ORDERED.**

Dated: April 12, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3