UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>GENNARO'S LIMITED LIABILITY COMPANY, et al.,<br><br>        Defendants. | Case No. 21-cv-08102-SVK<br><br>**ORDER SETTING DEADLINES** |

This case is currently in an uncertain posture given the failure of Plaintiff Scott Johnson and Defendant Gennaro's Limited Liability Company ("Gennaro's") to comply with several previous orders of this Court, as summarized in relevant part below.

On March 9, 2022, the Court conditionally granted the amended motion of Stephen A. Barber and JRG Attorneys at Law to withdraw as counsel for Gennaro's. Dkt. 44. The Court ordered that, among other things, (1) Mr. Barber and JRG Attorneys at Law advise Gennaro's that it is prohibited from representing itself in federal court and that if Gennaro's fails to obtain substitute counsel, the Court may enter default judgment against it; and (2) Gennaro's must obtain new counsel who must file a notice of substitution by March 26, 2022 or show good cause why additional time to obtain new counsel was required. *Id.* Gennaro's did not file a notice of substation or an explanation as to why additional time was needed by the March 26 deadline.

On April 12, 2022, the Court issued an order that, among other things, (1) stated that the Court would enter a stipulated consent decree as between Plaintiff and Defendant Ganeshkrupa 86 Corporation ("Ganeshkrupa"); (2) required Plaintiff to file a proposal by April 19, 2022 that included a proposed deadline regarding resolution of Plaintiff's claim for attorney's fees against Ganeshkrupa and regarding resolution of Plaintiff's claims against Gennaro's; and (3) set the case

for an Order to Show Cause hearing on April 26, 2022. Dkt. 50. On the April 19 deadline, Plaintiff filed a proposed schedule for his motion for attorney's fees but did not include a specific proposal for resolving its claims against Gennaro's. Dkt. 53.

At the April 26, 2022, Order to Show Cause hearing, the Court set a schedule for Plaintiff's motion for attorney's fees and also ordered Plaintiff to submit a status report and plan to proceed as to Gennaro's by May 3, 2022. Dkt. 57. Plaintiff did not file a status report by the May 3 deadline, nor did he file a motion for attorney's fees on the schedule ordered by the Court. In response to a subsequent stipulation to extend the deadline to file a notice of need for mediation, the Court noted that Plaintiff had failed to comply with the order at Dkt. 57 and stated that the deadlines would not be revived. Dkt. 59.

On June 24, 2022, Plaintiff filed a status report that, among other things, stated that Gennaro's was not present for the Parties' settlement meeting and still did not have representation of counsel. Dkt. 62.

Most recently, Plaintiff has recently filed two Notices of Need for Mediation, both of which were rejected by the ADR Department for reasons including problems with whether and how Gennaro's had participated in the settlement meeting required under General Order 56. Dkt. 63-66.

In light of the failures of Plaintiff and Gennaro's to comply with previous Court orders, the Court now **ORDERS** as follows:

1. By **July 25, 2022,** new counsel for Gennaro's must file a notice of appearance. If such a notice is filed, the Parties must thereafter conduct the settlement meeting in compliance with all requirements of General Order 56 and, if they are unable to settle the case, must file a Notice of Need for Mediation no later than **August 15, 2022.**

2. If new counsel for Gennaro's fails to file a notice of appearance by the July 25 deadline, Plaintiff must file a request for entry of default no later than **August 8,**

////

////

2

**2022.** Plaintiff must file a motion for default judgment within **14 days** of entry of default by the Clerk's Office. If Plaintiff fails to comply with these deadlines, the Court will dismiss Plaintiff's claims against Gennaro's with prejudice.

**SO ORDERED.**

Dated: July 11, 2022

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge